UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL WAYNE, | Civil No. 12-549 (MJD/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In July 1986, a woman was brutally murdered in her trailer home in Waseca County, Minnesota. Petitioner was charged with the crime, and a jury found him guilty. He was sentenced to life in prison with the possibility of parole. He is currently serving his sentence in the Minnesota Correctional Facility at Rush City, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court in 1989. State v. Fenney, 448 N.W.2d 54 (Minn. 1989).[2] Since then, for approximately 20 years, Petitioner has pursued post-conviction relief in a number of state and federal court proceedings. See Wayne v. State, 498 N.W.2d 446 (Minn. 1993); Wayne v. State, 601 N.W.2d 440 (Minn. 1999); Wayne v. State, 747 N.W.2d 564 (Minn. 2008).

In 1993, Petitioner challenged his murder conviction by filing a habeas corpus petition in this District Court. The claims raised in that petition, including certain "new evidence" claims, were considered and rejected on the merits, and the petition was dismissed with prejudice. Wayne v. Benson, No. 93-463 (DSD/JGL) [hereafter "Wayne I"]. Petitioner filed an appeal in that case, and the Eighth Circuit Court of Appeals affirmed the District Court's denial of his application for a writ of habeas corpus. Wayne v. Benson, 89 F.3d 530 (8th Cir. 1996), cert. denied, 519 U.S. 1096 (1997).

Petitioner commenced another federal habeas corpus action in this District in 2009. Wayne v. State of Minnesota, No. 09-652 (MJD/RLE), ["Wayne II"]. That case was summarily dismissed pursuant to Rule 4 of the Governing Rules because the petition was found to be a "second or successive" petition for purposes of 28 U.S.C. § 2244(b), and Petitioner had not obtained the Court of Appeals' permission to file such a petition. In Wayne II, the Magistrate Judge entered a Report and Recommendation ("R&R"), which explained that Petitioner is barred from filing any further federal habeas corpus petitions

---

[2] At the time of Petitioner's trial and direct appeal, he was known as "Michael Fenney."

challenging his state court murder conviction, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals. (*Wayne II*, R&R dated March 23, 2009, [Docket No. 3].) That R&R was adopted by the District Court Judge, (over Petitioner's objections), and *Wayne II* was summarily dismissed for lack of jurisdiction. (*Wayne II*, Order dated April 6, 2009, [Docket No. 5].)

Immediately after *Wayne II* was dismissed, Petitioner applied to the Eighth Circuit Court of Appeals for an order that would permit him to file a new federal habeas corpus petition challenging his murder conviction. *Wayne v. State of Minnesota*, No. 09-1826 (8th Cir. 2009). The Court of Appeals, however, denied Petitioner's application for authorization to file a successive habeas corpus petition in the District Court. (*Id.*, Order dated June 3, 2009.)[3]

Though Petitioner has not been granted a pre-authorization order by the Court of Appeals, he has now attempted to file another habeas corpus petition. The current petition again challenges Petitioner's Minnesota state court murder conviction, i.e., the same conviction that was challenged in *Wayne I* and *Wayne II*. Petitioner again claims that his conviction should be vacated based on errors that allegedly occurred during the state trial court proceedings, and based on new evidence that purportedly shows he is innocent. As discussed more fully below, the Court finds that Petitioner has filed another "successive

---

[3] The Eighth Circuit's docket sheet for Petitioner's application for a pre-authorization order, (No. 09-1826), and the documents filed in that proceeding, are accessible to this Court by means of the federal judiciary's CM/ECF record-keeping system.

petition," which cannot be entertained at this time.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[4] Under that rule, a district court cannot entertain a second or

---

[4] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

 **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
   **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
   **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
   **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari. **[Continued....]**

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant

successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

The petition now before this Court is (at least) Petitioner's third application for federal habeas corpus review of his murder conviction. Because Wayne I was dismissed on the merits and with prejudice, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). This means that the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction

---

shows that the claim satisfies the requirements of this section."

a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 555 U.S. 1161 (2009).

The Court recognizes that some of Petitioner's current claims for relief allegedly are based on "new evidence" that allegedly shows he is "actually innocent." Petitioner seems to believe that he should be allowed to raise such claims in a new habeas petition--without obtaining a pre-authorization order from the Court of Appeals. That notion must be rejected. Even actual innocence claims based on new evidence cannot be raised in a second or successive habeas petition without pre-authorization from the apposite federal appellate court. See Tompkins, 557 F.3d at 1260 (habeas claim based on new evidence cannot be entertained in a second or successive habeas petition without pre-authorization from the court of appeals).

The Court notes that Petitioner's first federal habeas case, Wayne I, was commenced and completed before the enactment of the current statute governing second and successive habeas petitions. The current version of § 2244(b) was enacted in 1996, as part of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Petitioner's first habeas petition was filed and dismissed before AEDPA was enacted. Our Court of Appeals, however, has applied AEDPA's procedural rules governing second and successive petitions even when the first habeas petition was filed before AEDPA, and the second petition was filed after AEDPA. In Vancleave v. Norris, 150 F.3d 926 (8th Cir. 1998), a state prisoner filed his first federal habeas petition in 1987, and filed his second habeas petition in June 1996 – after AEDPA became law. Even though the prisoner's first habeas petition had been fully litigated long

before AEDPA was enacted, the Court of Appeals held that "AEDPA's restrictions on successive habeas petitions govern this [second] petition because it was filed two months after the statute's effective date." Id. at 927. See also Mancuso v. Herbert, 166 F.3d 97, 101 (2nd Cir.) ("[w]e conclude that the AEDPA applies to a habeas petition filed after the AEDPA's effective date, regardless of when the petitioner filed his or her initial habeas petition and regardless of the grounds for dismissal of such earlier petition"), cert. denied, 527 U.S. 1026 (1999); In re Byrd, 269 F.3d 585, 601 (6th Cir. 2001) ("regardless of whether Byrd's first federal habeas petition was filed pre-AEDPA, he is now required to follow the procedures outlined in § 2244(b)(3)(A) before he can file a second or successive habeas petition"), cert. denied, 534 U.S. 1109 (2002); Daniels v. United States, 254 F.3d 1180, 1188 (10th Cir. 2001) ("regardless of when their first petitions were filed, prisoners must turn to our court [i.e., the Court of Appeals] as a gatekeeper under section 2244 of AEDPA"). Thus, the Court finds that even though Wayne I was fully resolved before AEDPA was enacted, Petitioner still must satisfy the AEDPA procedural prerequisite (i.e., Circuit Court approval) before he can file a new habeas corpus petition in the federal district court.[5]

In sum, the Court concludes that here, as in Wayne II, the District Court cannot entertain another federal habeas corpus petition challenging Petitioner's Minnesota state court murder conviction, unless Petitioner first seeks and obtains a pre-authorization order

---

[5] The Court notes that when Petitioner previously applied to the Eighth Circuit Court of Appeals for a pre-authorization order, he argued that his case should not be governed by § 2244(b), because his first petition was filed and decided before AEDPA. That argument was not accepted by the Court of Appeals.

from the Eighth Circuit Court of Appeals. Therefore, this case, like <u>Wayne II</u>, must be summarily dismissed for lack of jurisdiction. As Petitioner was advised in <u>Wayne II</u>, the United States District Court for the District of Minnesota cannot entertain Petitioner's habeas claims challenging the conviction at issue, unless the Eighth Circuit Court of Appeals first grants Petitioner permission to file a successive habeas petition.

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Court of Appeals that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2). (<u>See</u> n. 4, <u>supra</u>.) If Petitioner can meet that requirement and the Court of Appeals grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice so that Petitioner can resubmit his habeas claims <u>in a new action if he is able to secure a pre-authorization order from the Court of Appeals</u> as required by § 2244(b)(3)(A).[6] Petitioner is once again advised, however, that <u>this District Court will not entertain a future habeas</u>

---

[6] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. <u>See</u> e.g., <u>Liriano v. United States</u>, 95 F.3d 119, 122-23 (2nd Cir. 1996); <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997); <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997). However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has not specifically attempted to meet that standard in his present submissions, it follows that Petitioner's present action should be dismissed, and Petitioner should be required to seek pre-authorization directly from the Court of Appeals as contemplated at § 2244(b)(3). That will allow Petitioner to explain to the Court of Appeals why he believes he now meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

corpus petition pertaining to his state court murder conviction, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals as required by § 2244(b).[7]

Finally, having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 3), be denied. See 28 U.S.C. ' 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) be **DENIED**;

2. Petitioner's application to proceed in forma pauperis (Docket No. 3) be **DENIED**; and

---

[7] Because the Court presently lacks jurisdiction in this matter, based on the procedural rules governing successive petitions, the timeliness of the present petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (see 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

    3.  This action be summarily **DISMISSED** without prejudice for lack of jurisdiction.

Dated: March   26   , 2012

                                                             s/ Tony N. Leung  
                                                          TONY N. LEUNG  
                                                          United States Magistrate Judge

    Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **April 13, 2012**.